FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
in the UNITED STATES DISTRICT COURT for the SOUTHERN DISTRICT of GEORGIA

Willie Chambers
_____

_____

_____

(Enter above full name of plaintiff or plaintiffs)

CV314-120

v.

William Danforth, Sam Zanders,
Diann Doos, Barbara Grant,
Jody Stewart
_____

(Enter above full name of defendant or defendants)

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2014 NOV -4  AM 9:49
CLERK
SO. DIST. OF GA.

I.  Previous lawsuits

A.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?                                    Yes _____ No ✓

If your answer to A is yes, describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.  Parties to this previous lawsuit:

    Plaintiffs: _____

    Defendants: _____

2.  Court (if federal court, name the district; if state court, name the county): _____

3.  Docket number: _____

4.  Name of judge assigned to case: _____

5.   Disposition
(for example, was the case dismissed? appealed? is it still pending?):

_____

6.   Approximate date of filing lawsuit: _____

7.   Approximate date of disposition: _____

8.   Were you allowed to proceed *in forma pauperis* (without prepayment of
fees)?                                          Yes _____   No _____

B.   While incarcerated or detained in any facility, have you brought any lawsuits in
federal court which deal with facts other than those involved in this action?
                                               Yes _____   No ✓

If your answer to B is yes, describe each lawsuit in the space below.  (If there is more
than one lawsuit, describe the additional lawsuits on another piece of paper, using the
same outline.)

1.   Parties to previous lawsuit:

Plaintiffs: _____

Defendants: _____

2.   Court (name the district):

_____

3.   Docket number: _____

4.   Name of judge assigned to case: _____

5.   Disposition
(for example, was the case dismissed? appealed? is it still pending?):

_____

6.   Approximate date of filing lawsuit: _____

2

7.   Approximate date of disposition: _____

8.   Were you allowed to proceed *in forma pauperis* (without prepayment of fees)?                                                        Yes _____  No _____

C.   As to any lawsuit filed in federal court where you were allowed to proceed *in forma pauperis*, was any suit dismissed on the ground that it was frivolous, malicious, or failed to state a claim?                                    Yes _____  No ✓

1.   If your answer to C is yes, name the court and docket number for each case:

_____
_____
_____
_____

II.   Place of present confinement: _____

A.   Is there a prisoner grievance procedure in this institution? Yes ✓ No _____

B.   Did you present the facts relating to your complaint to the appropriate grievance committee?                                              Yes ✓ No _____

C.   If your answer to B is yes:

1.   What steps did you take? Upon knowledge that my rights were violated I filed an formal grievance on or about the date of July 7, 2014.

_____
_____

2.   What was the result? Grievance was "rejected due to a Disciplinary Hearing Procedure."

_____
_____
_____

3

3.   Did you appeal any adverse decision to the highest level possible in the administrative procedure?                          Yes ✓   No ____

If yes, what was the result? Grievance was further denied on or about September 3, 2014.

_____

_____

_____

D.   If you did not utilize the prison grievance procedure, explain why not: _____

_____

_____

## IV.   Parties

(In Item A below, list your name as plaintiff and current address.  Provide the name and address of any additional plaintiffs on an attached sheet.)

A.   Name of plaintiff: Willie Tracy Chambers GDC# 1149216
Address: Telfair State Prison
P.O. Box 549
Helena, Georgia 31037

(In Item B below, list the defendant's full name, position, place of employment, and current address.  Provide the same information for any additional defendants in Item C below.)

B.   Name of defendant: William Danforth
Position: Warden
Place of employment: Telfair State Prison
Current address: P.O. Box 549
Helena, Georgia 31037

C.   Additional defendants: Deputy Warden of Security, Sam Zanders; Deputy Warden of Care and Treatment, Diann Dees; Unit Manager, Barbara Grant; Lt. Jody Stewart

_____

_____

_____

_____

4

V.    Statement of Claim

State here as briefly as possible the FACTS in your case.  Describe how each
defendant is personally involved in the depriving you of your rights. . You must
include relevant times, dates, places, and names of witnesses.  DO NOT GIVE
LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES.  If you intend to
allege a number of related claims, number and set forth each claim in a separate
paragraph.  (Use as much space as you need. Attach extra sheets if necessary.)

1. At all times relevant to this matter the Plaintiff herein was
a prisoner of the Georgia Department of Corrections under the
authority and administration of the officials alleged herein and
their counterparts.

2. On or about the date of November 22, 2010 the Plaintiff was
subjected to a disciplinary hearing conducted by the late Lt. Rowlls
at Macon State Prison and a $100 (one-hundred dollar) administra-
tive processing fee was administered against the Plaintiff for being
found guilty of D.R. (disciplinary report) charge DO31 - Possession of
Cell Phone. A $4 (four dollar) administrative processing fee was also
administered for this D.R. #161151.

3. On or about the date of July 13, 2011 the Plaintiff was subject-
ed to a disciplinary hearing conducted by then Lt. Spires at Telfair
State Prison and a $100 (one-hundred dollar) administrative processing
fee was ~~administered~~ administered against the Plaintiff for being
found guilty of D.R. charge DO31 - Possession of Cell Phone. A $4
(four dollar) administrative processing fee was also administered
for this D.R. #221824.

4. D.R. #221824 was appealed at the institutional level and also
it was appealed to Inmate Affairs and Ombudsman Final Review.
Appeal denied September 21, 2011.

5. On or about the date of October 26, 2012 the Plaintiff was
allegedly subjected to a disciplinary hearing conducted by then

5

Statement (cont.)

5.(cont.d) Lt. Barbara Grant, who is presently a Unit Manager, and $100(one-hundred dollar)administrative processing fee was administered against the Plaintiff for being found guilty of D.R. charge DO3L-Possession of Cell Phone. A $4 (four dollar)administrative processing fee was also administered for this D.R.# 336920.

6. The Plaintiff recieved the Disciplinary Appeal Form to D.R.# 336920 through institutional mail on October 29, 2012. Disciplinary Appeal Form was submitted alleging that a hearing was conducted outside of the Plaintiff's presence without him signing an appearance waiver. Also alleged was a violation of disciplinary S.O.P. which states (4) four hours after advocate investigation a hearing should be held, no sooner. No response was forth coming regarding appeal of this D.R. Counselor Antionette Johnson was advocate.

7. On or about the date of October 30, 2012 a grievance was filed regarding the violation of Plaintiff's right to be present at his D.R. hearing. Grievance was rejected October 31, 2012.

8. On or about the date of November 26, 2012 a grievance was filed regarding the Plaintiff's appeal form not being returned. Grievance was rejected November 26, 2012.

9. On or about the date of March 1, 2013 the Plaintiff was subjected to a disciplinary hearing conducted by Lt. Jody Stewart in the presence of Chief Counselor Deondrick Clemens and a $100(one-hundred dollar)administrative processing fee was administered against the Plaintiff for being found guilty of D.R. charge DO3L-Possession of Cell Phone. A $4 (four dollar) administrative processing fee was also administered for this D.R.# 369557.

10. D.R.# 369557 was appealed at the institutional level and denied, saying it had expired. Plaintiff appealed further to Inmate Affairs and Ombudsman Unit and it was denied May 30, 2013.

11. On or about the date of July 7, 2014 the Plaintiff filed a grievance addressing misappropriation of private funds with this institution for administration of this $100(one-hudred dollar)administrative processing fee here at Telfair State Prison and elsewhere. Grievance was rejected. Plaintiff appealed grievance to Inmate Affairs and Ombudsman Unit and they agreed with the rejection and denied Plaintiff's grievance as well.

12. The Plaintiff incorporates enumerations 1-11 and realleges these facts to support his claim that the administration of these (4) four $100(one-hundred dollar)administrative processing fees against the Plaintiff as asserted, the Plaintiffs' legal claim against the Defendants for deprivation of rights under color of law for theft, fraud, racketeering, extortion, suffered monetary loss, mental anguish, emotional distress, duress, and threat of prosecution.

13. Also, by the Plaintiff paying a $4 (four dollar)administrative processing fee for the D.R.s themselves and then being subjected to another $100(one-hundred dollar)processing fee for an infraction (DO3L) therein violates the Double Jeopardy clause of the

13.(cont.d) 5th Amendment of the U.S. Constitution.

14. The Plaintiff shows that it's furthermore fraudulent and illegal for the administration of this fee by the fact that in none of the D.R.s in which this fee was administered against the Plaintiff did he once get charged or found guilty of violating any U.S. Law or Statute (A-1) or any Georgia Law or Statute (A-2) to give them jurisdiction to pursue felony charges against the Plaintiff, the D.R. is a charging instrument like a presentment or indictment which must properly charge a person or it is deemed fatally flawed.

15. The Constitution protects persons from Excessive Fines and Cruel and Unusual Punishments in the 8th Amendment and the Plaintiff is unaware of any warrant at law that cost $100 (one-hundred dollars) making administration of such a Fee "excessive" in this regard and this fee is a cruel and unusual punishment, for it's administration is unsupported by the law or the U.S. Constitution. There is no law, statute, order, rule, regulation, or procedure supported by the U.S. Constitution or the State of Georgia Constitution authorizing administration of a fine/fee imposed upon a person (in this case the Plaintiff) so that another (in this case the Defendants) may seek charges against that person unless that person has been duly convicted in a court of law of an offense, in which the person upon a finding of guilt will be ordered to pay restitution.

16. Furthermore, Inmate Discipline S.O.P. II B02-0001 Section Q.(6) states "D.R. charge D-3(1)" is the charge that warrants administration of the $100 (one-hundred dollar) fee and there is no such charge in the S.O.P..

17. As Warden of Telfair State Prison (T.S.P.), William Danforth is liable for approving the administration of this $100 (one-hundred dollar) administrative processing fee in violation of Plaintiff's rights in his official capacity and individual capacity for failing to redress said violations which impose upon the Plaintiff a fee that misappropriates private funds recieved from outside sources as gifts.

18. As Deputy Warden of Security at T.S.P., Sam Zanders is liable for overseeing the disciplinary process which administers these $100 administrative processing fees, thus, in his official capacity and individual capacity he blatantly approved and failed to correct the tortious actions being perpetrated against the Plaintiff through the misappropriation of private funds recieved from outside sources as gifts.

19. As Deputy Warden of Care and Treatment at T.S.P. Diann Dees is liable for the redress of grievances at the institutional level. She has failed to correct the violations

7

19. (cont.d) herein leading to a deprivation of rights under color of law in her official and individual capacities, for under her care she has not prevented or attempted to prevent the illegal treatment being inflicted upon the Plaintiff and other inmates by imposition of fees that misappropriates private funds recieved from outside sources as gifts.

20. Unit Manager Barbara Grant is liable for her actions when she served as Disciplinary Hearing Officer and directly administered the $100 administrative processing fee against the Plaintiff in her official and individual capacities which led to the deprivation of the Plaintiff's rights under color of law by imposing a fee upon the Plaintiff that misappropriates private funds illegally that he recieves from outside sources as a gift.

21. Lt. Jody Stewart is liable for his actions when he served as Disciplinary Hearing Officer and directly administered the $100 administrative processing fee against the Plaintiff in his official and individual capacities which led to a deprivation of rights under color of law by imposition of a fee which misappropriates private funds illegally that the Plaintiff recieves from outside sources as gifts.

22. Plaintiff herein has no plain, adequate or complete remedy at law to redress the wrongs described herein, the Plaintiff has been and will continue to be irreparably violated by these tortious actions of this administration and the defendants unless this court grants the relief sought by the Plaintiff.

VI.   Relief

State briefly exactly what you want the court to do for you.  Make no legal arguments. Cite no cases or statutes.

Wherefore, Plaintiff respectfully prays that this court enter judgement:

1) Granting Plaintiff Chambers a Declaration that acts and ommissions described herein violated his rights under the Constitution and the laws of the U.S., and;

2. A permanent injunction ordering Defendants Danforth, Zanders, Does, Grant, and Stewart and their counterparts to cease administering this illegal fee which infringes upon inmate's rights, and;

3. Grant Plaintiff Chambers compensatory damages in the amount of $40,000 (forty-thousand dollars) against Defendants Danforth, Zanders, and Does, jointly and severally, and;

4. Grant Plaintiff Chambers compensatory damages in the amount of $10,000 (ten-thousand dollars) against Defendants Grant and Stewart, jointly and severally, and;

5. Plaintiff seeks punitive damages in the amount of $250,000 against Defendants Danforth, Zanders, and Does

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _____ day of _____, 19_____.


Prisoner No. _____        _____
                                                            (Signature of Plaintiff)

9

CERTIFICATE OF SERVICE

I WILLIE CHAMBERS DO HEREBY SERVE THE FOREGOING CIVIL ACTION 42 U.S.C. 1983 PETITION BY PLACING SAID DOCUMENTS IN THE U.S. MAIL WITH SUFFICIENT POSTAGE AFFIXED TO ASSURE ITS DELIVERY UPON THE FOLLOWING:

DEFENDANTS: William Danforth, Sam Zanders
Diann Dees, Barbara Grant, Jody Stewart
Tolfair State Prison
P.O. Box 549
Helena, Ga 31037

Subsribed and signed by my hand _28_ day of _October_ 2014

Willie Chambers
Without Prejudice UCC 1-207

Willie Chambers
Gdc#1174216
6 Hash State Prison
P.O. Box 549
Helena, Ga 31037

31412828666

MACON GA 310

30 OCT 2019 PM 2 L

FOREVER · EVER

Clerk of Court
United States District Court for the
Southern District of Georgia