ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2015 JAN -7 PM 3: 49

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIE CHAMBERS, | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION NO. |
| v. | * | CV 314-120 |
| WILLIAM DANFORTH, et al., | * | |
| Defendants. | * | |

# O R D E R

On November 11, 2014, the United States Magistrate Judge granted Plaintiff Willie Chambers' motion to proceed <u>in forma pauperis</u> in this suit brought pursuant to 42 U.S.C. § 1983. Thereafter, Plaintiff filed a Consent to Collection of Fees from his prison trust account. (Doc. No. 6.) Plaintiff's Prisoner Trust Fund Account Statement reflects that he had an average monthly balance of $36.66 in the six months prior to receipt of the complaint. (Doc. No. 7.) Accordingly, the Magistrate Judge ordered that Plaintiff pay an initial filing fee of $8.00 by December 24, 2014. (Order of Nov. 24, 2014.)

Presently, Plaintiff has filed a Notice of Appeal, stating that his account balance is actually $0.00 and that he is unable to pay the initial filing fee of $8.00.

Under Federal Rule of Civil Procedure 72(a), a party may

file objections to a non-dispositive ruling of the Magistrate Judge within fourteen (14) days of the ruling. This Court will then consider the objections and modify or set aside any part of the Magistrate Judge's decision that is clearly erroneous or contrary to law.

Upon review of the case, this Court does not find the Magistrate Judge's order to pay an $8.00 filing fee to be clearly erroneous or contrary to law. Moreover, Plaintiff is reminded that all prisoners, even those proceeding in forma pauperis, must pay the filing fee of $350.00 in full. See 28 U.S.C. § 1915(b)(1). Moreover, under the Prison Litigation Reform Act ("PLRA"), prisoners granted in forma pauperis status must, when funds are available, prepay at least a partial filing fee. 28 U.S.C. § 1915(b)(1)-(2). Courts may not except indigent prisoners from prepaying this partial filing fee. See id.; see also Rivera v. Allin, 144 F.3d 719, 722 (11th Cir. 1998), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007); Martin v. United States, 96 F.3d 853, 856 (7th Cir. 1996) (insisting, whenever feasible, on payment in advance of initial filing fee in every civil action covered by the PLRA). Accordingly, the Court will not countenance Plaintiff's request to be excused from paying the initial partial filing fee at this point.[1] Consequently, the

---

[1] The Court is aware that under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he is unable to pay an initial fee. Thus, if Plaintiff can

2

Order of November 24, 2014, is **AFFIRMED**.

Plaintiff shall have twenty-one (21) days from the date of this Order to inform the Court of his intentions regarding this case by complying with the Court's Order directing payment of an initial filing fee of $8.00[2] or by showing the Court why he has not complied with the Order directing the payment.

If Plaintiff notifies the Court that he has decided not to pursue his case and wishes to voluntarily dismiss his complaint at this time, then the case will not count as a "strike" which may later subject Plaintiff to the three-strike dismissal rule under 28 U.S.C. § 1915(g). It is important that Plaintiff communicate with the Court.

**ORDER ENTERED** at Augusta, Georgia, this 7th day of January, 2015.

UNITED STATES DISTRICT JUDGE

---

demonstrate that he has not had the funds to pay the initial fee from the date of his Prisoner Trust Fund Account Statement, November 24, 2014, until present, the Court will direct that his case can proceed to the next stage. However, the Court cannot excuse him from his responsibility to pay the initial fee as funds may become available.

[2] The **CLERK** is **DIRECTED** to immediately inform the Court of any payment of the initial filing fee which is received from Plaintiff.

3