IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| WILLIE CHAMBERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 314-120 |
| | ) |
| WILLIAM DANFORTH, Warden, et al., | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, brings the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

I. **SCREENING OF THE COMPLAINT**

A. **BACKGROUND**

Plaintiff names the following Defendants: (1) William Danforth, Warden at TSP; (2) Sam Zanders, Deputy Warden of Security at TSP; (3) Diann Dees, Deputy Warden of Care and Treatment at TSP; (4) Barbara Grant, Unit Manager at TSP; and (5) Jody Stewart, a Lieutenant at TSP. (See doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff has a history, dating back to November 22, 2010, of receiving four disciplinary reports based on charges of unauthorized possession of a cell phone. (Id. at 5-6.) Upon being

found guilty of each charge, a standard four dollar processing fee for each disciplinary report, as well as a one hundred dollar processing fee for the specific cell phone charge, was imposed pursuant to Standard Operating Procedure ("SOP") IIB02-0001, Section Q.6 and Disciplinary Charge D-3(l). (Id. at 6, 7.) Plaintiff contends that the imposition of these fees amounts to theft and racketeering. (Id. at 6.)

Plaintiff sues each Defendant in their individual and official capacities. (Id. at 7-8.) In particular, he sues Defendants Grant and Stewart for serving as the disciplinary hearing officers who found him guilty and imposed the fees for his charges on October 26, 2012 and March 1, 2013, respectively. (Id. at 6.) He sues Defendants Danforth, Zanders, and Dees for failing to stop this "misappropriation of private funds" after Plaintiff complained. (Id. at 7-8.)

Plaintiff apparently intends to continue violating the rule against possession of a cell phone because in addition to compensatory and punitive damages, he seeks a permanent injunction prohibiting Defendants from administering the challenged fees. (Id. at 9-10.)

### B. DISCUSSION

#### 1. Legal Standard for Screening.

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp.

2

v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Valid § 1983 Claim.

#### a. Prison Officials Are Authorized to Promulgate and Enforce Disciplinary Regulations.

Plaintiff complains that Defendants violate his rights by enforcing SOP IIB02-0001, Section Q.6 because "[t]here is no law, statute, order, rule, regulation, or procedure" authorizing the imposition of the "fine/fee imposed" on a prisoner unless he is convicted in a court of law. (Doc. no. 1, p. 7.) He also complains that there is no such thing as Disciplinary Charge D-3(l).

3

(Id.) Thus, Plaintiff contends the imposition of the administrative fees related to disciplinary proceedings for possession of a cell phone are improper. Plaintiff is mistaken.

SOP IIB02-0001, Section Q.6 states, in relevant part:

> Administrative Processing Fee: Intended to defray a portion of the significant costs associated with the processing of formal disciplinary charges against inmates resulting from rule violations.
>
> A standard administrative/processing fee of $4.00 for each disciplinary report issued is to be charged to the inmates' account subsequent to a guilty finding/negotiated plea by the Disciplinary hearing Officer and approval of the finding by the Warden/Superintendent.
>
> . . . .
>
> Because of the time and formal processing required when pursuing felony charges for local court prosecution, an offender found guilty of DR charge D-3(l) will be charged an administrative processing fee of one hundred dollars ($100.00).

DR charge D-3(l) provides an inmate may not possess: "An apparatus associated with a device, or a component of a device that enables, or may be used to enable, communication with a person outside a place of incarceration, including a telephone, cellular telephone . . . ." SOP IIB02-0001, Attach. 4.

Moreover, O.C.G.A. § 42-2-11 provides that the Board of Corrections shall establish general policy to be followed by the Department of Corrections ("DOC"), and the Board "shall adopt rules governing the assignment, housing, working, feeding, clothing, treatment, discipline, rehabilitation, training, and hospitalization of all inmates coming under its custody." O.C.G.A. §§ 42-2-11(a) & (c)(1). Under the Rules of Board of Corrections Administration, "Disciplinary hearings will be conducted in accordance with standard operating procedures promulgated by the Commissioner. The Commissioner is authorized to establish procedures for assessing a deduction from money credited to the inmate account in all cases in which an inmate is found

4

guilt[y] or pleads guilty." Rule 125-3-2-.06. Accordingly, Plaintiff's contention that there is no authorization for the administrative fees associated with his disciplinary proceedings for the unauthorized possession of a cell phone is incorrect.

> **b. Promulgating and Enforcing Prison Regulations Does Not Invoke Constitutional Protections at a Level Required for Criminal Laws.**

Plaintiff also suggests that his rights were violated because the disciplinary charges brought against him were lodged pursuant to prison regulations rather than criminal statutes codified in state or federal law. The suggestion that prisons cannot promulgate and enforce rules and regulations regarding prison operations and prisoner conduct must be dismissed as baseless. As discussed above, O.C.G.A. §§ 42-2-11(a) & (c)(1) authorizes the creation of rules for running Georgia prisons, and of course, the law is replete with case law interpreting the legitimacy of all manner of prison regulations. See, e.g., Wolff v. McDonnell, 418 U.S. 539 (1974) (due process required in disciplinary proceedings); Bell v. Wolfish, 441 U.S. 520 (1979) (First Amendment challenge to prison rule restricting receipt of hardback books); Turner v. Safley, 482 U.S. 78, 82 (1987) (challenge to restrictions on inmate-to-inmate correspondence and prisoner marriage restrictions).

Likewise, Plaintiff's passing reference to a Double Jeopardy violation based on the assessment of two separate processing fees, one for the disciplinary report and one for pursuing felony charges, also fails because prison regulations are not "criminal" in nature. (Doc. no. 1, pp. 6-7.) Under the protections of the Fifth Amendment, a criminal defendant may not be re-prosecuted on the same charges after a judgment of conviction or acquittal. Venson v. Georgia, 74 F.3d 1140, 1145 (11th Cir. 1996). As prison regulations do not punish a criminal defendant for violation of a criminal law, the protections of the Double Jeopardy clause do not apply. See

5

United States v. Mayes, 158 F.3d 1215, 1224-25 (11th Cir. 1998) (declining to classify prison regulations as criminal and refusing to bar subsequent criminal prosecution based on actions first punished in prison disciplinary proceedings); cf. Slakman v. Buckner 434 F. App'x 872, 874 (11th Cir. 2011) (rejecting double jeopardy claim for denial of parole because decision to deny parole "is not designed to punish a criminal defendant for violation of a criminal law").

To the extent Plaintiff may be contending Defendants somehow did not comply with the duly-authorized prison regulation prohibiting possession of a cell phone, an allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a § 1983 claim upon which relief may be granted. See Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (noting that many prison regulations "are primarily designed to guide correctional officers in the administration of a prison" and that "such regulations are not designed to confer rights on inmates"); Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (district court properly dismissed prisoner's claim concerning prison officials' alleged failure to follow prison procedures with respect to grievances); Taylor v. White, CV 11-0377-CG-N, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right."), *adopted by* 2012 WL 403849 (S.D. Ala. Feb. 7, 2012); Jones v. Schofield, 1:08-CV-7 WLS, 2009 WL 902154, at *3 (M.D. Ga. Mar. 30, 2009) ("Prison regulations and Standard Operating Procedures do not confer federal rights to prisoners that may be enforced or redressed in a § 1983 action.").

To the extent Plaintiff may be complaining that the process itself for imposing discipline violates his rights, the minimum requirements of due process for a prisoner facing disciplinary action "are (1) advance written notice of the charges; (2) a written statement of the reasons for

the disciplinary action taken; and (3) the opportunity to call witnesses and present evidence, when consistent with institutional safety and correctional goals." O'Connor v. FDOC, 379 F. App'x 946, 947 (11th Cir. 2010) (citation omitted). Plaintiff does not contend that his disciplinary proceedings failed to comply with these minimum procedural requirements. If Plaintiff is complaining Defendants did not pursue the criminal charges authorized by DR charge D-3(l) and thus should not have charged the one hundred dollar processing fee, the Court notes the decision whether or not to ultimately prosecute a criminal case would be a matter entirely in the local prosecutor's discretion, not that of corrections officials. See, e.g., Borkenkircher v. Hayes, 434 U.S. 357, 364 (1978) ("In our system . . . the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion."). The SOP simply allows the fee "[b]ecause of the time and formal processing required when pursuing felony charges. . . ." SOP IIB02-0001, Section Q. The ultimate decision on actually bringing any such felony charges rests with the local prosecutor.

Finally, Plaintiff also falls well short of stating a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, because he has not alleged a "pattern of racketeering activity" that violates RICO, as he has not alleged *any* acts of racketeering activity as defined in 18 U.S.C. § 1961(1). See 18 U.S.C. §§ 1962 and 1964(c); see also Matthews v. Petrilla, CIV.A. 3:11-2282, 2012 WL 3782525, at *6 (M.D. Pa. Aug. 7, 2012), *adopted by* 2012 WL 3781174 (M.D. Pa. Aug. 31, 2012) (concluding that plaintiff's allegation that prison officials were deducting fees from his account for convictions of misconduct failed to state a claim under RICO because he did not allege any acts of racketeering activity).

### 3. Even if Plaintiff Had Stated a Viable § 1983 Claim, He May Not Sue Defendants in Their Official Capacity for Monetary Damages.

Plaintiff is attempting to proceed against Defendants in both their individual and official capacities, and he seeks an award of monetary damages against each Defendant. (See doc. no. 1, pp. 7-10.) However, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims for monetary relief fail as a matter of law.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 2nd day of March, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA