ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 APR -1 AM 9:50
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIE CHAMBERS, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV 314-120 |
| WILLIAM DANFORTH; SAM ZANDERS; DIANN DEES; BARBARA GRANT; and JODY STEWART, | ) | |
| Defendants. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 13). Nothing in Plaintiff's objections changes the Magistrate Judge's analysis that this case is due to be dismissed for failure to state a claim upon which relief can be granted.

Nor does Plaintiff's purported reservation of the right to amend his complaint and request the appointment of counsel at some point in the future delay the Court from dismissing the case. In the Eleventh Circuit, "where a more carefully drafted complaint might state a claim, the district court should give a *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it." Schmitt v. United States Office of Personnel Mgmt., 403 F. App'x 460, 462 (11th Cir. 2010) (citation omitted). Plaintiff does not offer any details of a proposed amendment or explain how a redrafted complaint would "overcome [the] deficiencies" in the complaint identified by the Magistrate Judge. (Doc. no. 13, p. 4.)

Likewise, the law is well-settled that as a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Id.; see also Smith v. Florida Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified the appointment of counsel where the suspect conduct of prison officials hindered prisoner plaintiff's ability to present the essential merits of his case and, additionally, where such appointment would alleviate security concerns and help sharpen the issues). Plaintiff fails to show that exceptional circumstances exist to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff has not shown that his status as a layman prevents him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). He has presented the essential merits of his position in both his complaint and objections, but his position fails to state a claim upon which relief can be granted. Failure to state a claim is not an exceptional circumstance warranting appointment of counsel.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** Plaintiff's complaint for failure to state a claim upon which relief may be granted, and **CLOSES** this civil action.

SO ORDERED this 31st day of March, 2015, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE